IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNA URQUHART, on behalf of herself and others
similarly situated,

    Plaintiff,

vs.                                                Case No. 8:06-cv-1418-T-17-EAJ

MANATEE MEMORIAL HOSPITAL, D/B/A LAKEWOOD
RANCH MEDICAL CENTER, UHS MANATEE INC.;
UNIVERSAL HEALTH SERVICES, INC.,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

    This cause comes before this Court on Defendants', Manatee Memorial Hospital, L.P., d/b/a Lakewood Ranch Medical Center, UHS of Manatee, Inc.; and Universal Health Services, Inc. (UNIVERSAL), Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 19) and response thereto (Docket No. 25). For the reasons set forth, Defendants' motion is **GRANTED** with leave to amend.

## BACKGROUND

    Between April 11 and April 21, 2005 Plaintiff, Una Urquhart (PLAINTIFF), received inpatient treatment at Lakewood Ranch Medical Center. Plaintiff also received outpatient treatment from Lakewood Ranch Medical Center between April 22 and May 8, 2005. On or about April 11, 2005 Plaintiff signed a Conditions of Service agreement as a condition of her treatment at Lakewood Medical Center. The provision pertinent to Plaintiff's claims is the "Financial Agreement" in paragraph 4 of the Conditions of Service agreement which states that

1

> THE PATIENT/APPROPRIATE GRANTOR IS OBLIGATED TO PAY THE ACCOUNT OF THE HOSPITAL/PROVIDER/PHYSICIAN IN ACCORDANCE WITH THE REGULAR RATES AND TERMS OF THE HOSPITAL/PROVIDER/PHYSICAN. SHOULD THE ACCOUNT BE REFERRED TO AN ATTORNEY OR COLLECTION AGENCY FOR COLLECTION, ACTUAL ATTORNEYS AND COLLECTION FEES SHALL BE PAID BY THE PATIENT/GUARANTOR.  AL DELINQUIENT ACCOUNTS MAY BEAR INTEREST AT THE LEGAL RATE. IT IS UNDERSTOOD THAT UNTIL SUCH TIME AS ALL DEBTS ARE PAID, THE HOSPITAL/PROVIDER/PHYSICAIN, THEIR ATTORNEY AND/OR THEIR COLLECTION AGENCY MAY CONTACT THE PAIENT OR GUARANTOR IN WRITING OR BY PHONE AT THEIR PLACE OF EMPLOYMENT OR RESIDENCE, DURING NORMAL HOURS TO DISCUSS OR REQUEST PAYMENT OF THE CHARGES. IT IS UNDERSTOOD THAT ANY TIME PRIOR TO PAYMENT IN FULL, THE HOSPITAL.PROVIDER/PHYSICAN, THEIR ATTORNEY AND/OR COLLECTION AGENCY MAY CONTACT THE PATIENT'S OR GUARANTOR'S EMPLOYER FOR THE PURPOSE OF EMPLOYMENT VERIFICATION AND HISTORY. I FURTHER UNDERSTAND THAT I AM COMPLETELY FINANCIALLY RESPONSIBLE FOR THE CHARGES FOR THESE SERVICES.  I ALSO UNDERSTAND IT IS IMPOSSIBLE TO KNOW THE EXACT AMOUNT OF SERVICES BEING PROVIDED AND UNDERSTAND ANY ESTIMATE OF DOLLARS IS ONLY AN APPROXIMATE COST.

Plaintiff claims that Defendants are the third largest nationwide system of hospitals in the United States. At the time of treatment Plaintiff did not have health insurance nor was she eligible for Medicaid or other health care assistance programs.

Defendants charged the Plaintiff $65,511.70 for her medical treatment.  Plaintiff claims that she offered to pay $24,000.00 to the Defendants for her treatment but Defendants refused to accept.  Additionally, the Plaintiff alleges that the costs for all services and supplies provided by the Defendants were approximately $16,805.00.  She also claims that the Lakewood Ranch Medical Center discounts its gross charges for managed care companies approximately 66.8 % and typically collects approximately 31.7 %of gross rates as payment.  The Plaintiff's First Amended Complaint does not contain any statements of fact regarding whether she ever paid a portion of the amount charged by the Defendants for her medical treatment or whether the Defendants have begun collection proceedings for the amount owed.

The Plaintiff filed a complaint with class action allegations, on behalf of herself and others similarly situation. She alleges that Defendants: (1) breached their contract with her and others similarly situated by charging objectively unreasonable rates, (2) violated Florida's Deceptive and Unfair Trade Practices Act by failing to disclose material information regarding rates, (3) breached their Duty of Good Faith and Fair Dealing by charging Plaintiff and the Class unreasonable rates for their medical treatment, and (4) that Defendants, in the alternative, were unjustly enriched at the expense of uninsured self-pay patients.

## STANDARD OF REVIEW

In deciding a motion to dismiss, a court can examine only the four corners of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F. Supp. 232 (M.D. Fla.1995). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs.,* 769 F.2d 700, 703 (11th Cir. 1985).

Also, a court must accept a plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); *Howry v. Nisus, Inc.*, 910 F. Supp. 576 (M.D.Fla.1995). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991), cert. denied, 502 U.S. 810, 112 S. Ct. 55, 116 L. Ed. 2d 32 (1991); *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991).

## BREACH OF CONTRACT

Defendants seek to dismiss Count I of the Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6). The necessary elements to recover for a breach of contract claim in Florida are: (1) the existence of a contract; (2) a breach thereof; and (3) damages flowing from the breach. *Butterworth v. Quick & Reilly*, 998 F. Supp. 1404, 1410 (M.D. Fla. 1998).

In their Motion to Dismiss, Defendants assert that Plaintiff cannot properly claim breach of contract because the agreement to pay for the medical services, the Conditional Service Agreement, is clear and unambiguous. However, the Conditional Service Agreement does not on its face state a specific price for the services provided to Plaintiff. Florida law requires the amount of an open pricing contract to be reasonable. *Colomar v. Mercy Hosp., Inc.*, 461 F. Supp. 2d 1265, 1268 (D. Fla. 2006). Plaintiff's main allegation is essentially that Defendants breached paragraph 4 of the Conditional Service Agreement by charging her objectively unreasonable rates for medical services provided to her. The United States Court for the Southern District of Florida and various Florida state courts have considered this same issue arising from similar agreements between patients and medical providers and found the allegation of unreasonable rates meets the threshold to survive a Motion to Dismiss. See *Colomar*, 461 F. Supp. 2d 1265 (S.D. Fla. 2006), *Payne v. Humana Hospital*, 661 So.2d 1239 (Fla. 1st DCA 1995), *Mercy Hospital v. Carr*, 297 So.2d 598 (Fla. 3rd DCA 1974), and *Hillsborough County Hospital Authority v. Fernadez*, 664 So. 2d 1071 (Fla. 2nd DCA 1995).

Furthermore, the main issue in determining whether to dismiss Plaintiff's claim is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to offer evidence to support the claims. *Grillasca v. Amerada Hess Corp.*, 2006 U.S. Dist. LEXIS 82814, 2 (D. Fla. 2006). Under Federal Rule of Civil Procedure 8(a)(2), Plaintiff need not cite

legal authority at all in her complaint; she need only provide a short and plain **statement** of the claim showing that she is entitled to relief.  Therefore, the only question presented here is whether the facts offered by Plaintiff, if taken as true, are sufficient to entitle her to relief based on alleged unreasonable rates charged by Defendants for her medical care.

In 2006, the United States Court for Southern District of Florida considered *Colomar v. Mercy Hosp.,Inc.,* 461 F. Supp. 2d 1265 (S.D. Fla. 2006) a case similar to our instant case. The plaintiff in *Colomar* claimed that Mercy's Hospital breached an Authorization and Guarantee agreement by charging uninsured patients objectively unreasonable rates. When ruling on the defendant's motion to dismiss the plaintiff's breach of contract claim, the court stated that:

> [N]o single factor can be used to determine the reasonableness of Mercy's hospital charges. Rather, several non-exclusive factors are relevant to the inquiry. As discussed in more detail below, those factors include but are not necessarily limited to: (1) an analysis of the relevant market for hospital services (including the rates charged by other similarly situated hospitals for similar services); (2) the usual and customary rate Mercy charges and receives for its hospital services; and (3) Mercy's internal cost structure. *Colomar,* 461 F. Supp. 2d at 1269 (S.D. Fla. 2006)

Defendants essentially argue that Plaintiff has failed to sufficiently provide facts that, if taken as true, would entitle her to relief because she has limited her analysis of unreasonable prices to the difference between the actual costs of services provided and the amount charged to Plaintiff.  However, when this Court reviews Plaintiff's First Amended Complaint, it finds that Plaintiff has made statements of facts regarding the approximate costs of services provided to her, the usual rates charged and received by Defendants, Defendants' basis for rates (ChargeMaster), and Defendants' status as a major nationwide system of hospitals.  Taken individually, Plaintiff's assertions may have been insufficient to pass the threshold of a motion to dismiss.  However, Plaintiff's statements of fact are similar to those provided by the plaintiff in *Colomar* where the court held such allegations taken together are sufficient to pass the threshold

of a motion to dismiss. Thus, when taken together, Plaintiff's statements of fact regarding the reasonableness of Defendants' rates are sufficient enough for Plaintiff to put on evidence to support a claim of an alleged breach.

Although Plaintiff may have made sufficient allegations to put forth evidence of breach, the Court's analysis of whether to Dismiss Plaintiff's claim for breach of contract is not complete Defendants' final argument is that Plaintiff's breach of contract claim should be dismissed because Plaintiff has failed to allege any damages for which she could recover. The Court finds this argument substantial.

Plaintiff correctly states that payment in full is not necessary to seek damages in a breach of contract action when hospitals have charged uninsured patients unreasonable rates for medical treatment and that an injury resulting from a breach of contract may be economic or non-economic, however, the Plaintiff has failed to make a claim for breach of contract which would entitle her to relief because she has not offered any statements of fact specifying how she was injured by the Defendants alleged breach of contract in her First Amended Complaint. Regardless of the nature of the injury, the elements for breach of contract demand that the Plaintiff allege *some injury* for her to properly be entitled to relief. The Court therefore must dismiss Plaintiff's breach of contract claim because her complaint lacks any statements of fact specifying how she was injured by the Defendants actions or how any alleged **damages** were caused by or even related to Defendants' charging allegedly unreasonable rates for her medical treatment. Accordingly, the Court grants Defendants' Motion to Dismiss Count I of Plaintiff's First Amended Complaint without prejudice.

**VIOLATIONS OF DECEPTIVE AND UNFAIR TRADE PRACTICES ACTS**

Defendants next seek to dismiss Count II of Plaintiff's First Amended Complaint. A valid claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) consists of the following elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Grillasca*, 2006 U.S. Dist. LEXIS 82814, 9-10 (M.D. Fla. 2006). First, Defendants claim that Plaintiff may not properly bring a claim under FDUPTA because Plaintiff cannot show that she was personally deceived.

Under FDUPTA, a deceptive act is an act that is likely to mislead consumers. *Davis v. Powertel*, Inc., 776 So.2d 971, 974 (Fla. 1st DCA 2000). This "likely to mislead" standard does not require reliance on the part of the consumer. *Id.* An unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Grillasca.,* 2006 U.S. Dist. LEXIS 82814, 10 (M.D. Fla. 2006). In her First Amended Complaint the Plaintiff asserted that deception occurred because Defendants failed to disclose material information concerning their inflated pricing scheme to self-pay uninsured patients prior to or at the time of medical treatment.

The issue of whether the failure to disclose information about a health care provider's pricing scheme to patients rises to the level of deception under the FDUTPA is without precedent in this district. However, the Court has read and reviewed an unpublished opinion analyzing this same issue from the United States Court for the Southern District of Florida which it finds very persuasive. The court in *Colomar v. Mercy Hospital,* No. 1:05-cv-22409-PAS (S.D. Fla., March 2, 2006) held that deception does not occur when a pricing term in an agreement for medical services is left undefined. Conditional Service Agreements like the one in the instant case and the agreement in the *Colomar* case are often called open pricing agreements because

they do not specify an exact price for the services provided. *Id.* at 10.  The Colomar court reasoned that "the fact that the charges are not discloses is not itself deceptive because it is patently obviously" on the face of the contract. *Id.* Thus, the court found, a Plaintiff cannot claim a violation of FDUTPA based on deception "arising from the language of the agreement itself."

This Court finds the reasoning in *Colomar* to be persuasive and adopts the rule from the Southern District of Florida that deception as defined under the FDUTPA does not occur simply because a pricing term in an open pricing agreement is left undefined. Furthermore, this court adopts the *Colomar* court's holding that although the Plaintiff may not properly argue that the allegedly unreasonable pricing scheme was deceptive, she may potentially raise the issue of whether the conduct is "unfair" under the FDUTPA. *Id.* at 11.

Secondly, Defendants argue that Plaintiff's claim of Violations of Florida's Deceptive and Unfair Trade Practices Act be dismissed because Plaintiff has suffered no injury. "[I]n order for the consumer to be entitled to any relief under FDUTPA, the consumer must not only plead and prove that the conduct complained of was unfair and deceptive but the consumer must also plead and prove that he or she was aggrieved by the unfair and deceptive act." *Rollins, Inc. v. Butland*, 932 So.2d 1172, 1180 (Fla. 2d DCA 2006) (quoting *Macias v. HBC of Fla.*, Inc., 694 So.2d 88, 90 (Fla. 3d DCA 1997)). Once again, Plaintiff's claim suffers from the Complaint's lack of information specifying injury.  Accordingly, Defendants' Motion to Dismiss Count II is granted without prejudice.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

Defendants also seek to dismiss Count III of Plaintiff's First Amended Complaint alleging that Defendants breached their duty to Plaintiff of good faith and fair dealing by charging her unreasonable rates for medical services. Defendants maintain that Plaintiff may not properly make this claim because Defendants did not breach an express term in the contract.

Florida contract law recognizes the implied covenant of good faith and fair dealing. *Anthony Distribs. v. Miller Brewing Co.*, 941 F. Supp. 1567, 1574 (D. Fla. 1996) (citing *Scheck v. Burger King Corp.*, 798 F. Supp. 692 (S.D. Fla. 1992)). However, "a claim for breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law absent an allegation that an express term of the contract has been breached." *Id.* Plaintiff has essentially admitted that an express term of the contract has not been breached by claiming that the contract does not specify a price on its face and asking the court to imply a reasonable price instead. Since Defendants have not breached an express term of the Conditional Service Agreement, the Plaintiff cannot properly assert that Defendants breached their duty of good faith and fair dealing to her or the Class. Accordingly, the Defendant's Motion to Dismiss Count III of Plaintiff's First Amended Complaint is granted with prejudice.

## UNJUST ENRICHMENT

Finally, the Defendants seek to dismiss the Plaintiff's alternative claim for unjust enrichment under Fed. R. Civ. P. 12(b)(6). The elements of a claim for unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof. *Hercules, Inc. v. Pages*, 814 F. Supp. 79, 80 (D. Fla. 1993).

Plaintiff's claim for unjust enrichment suffers from the same fatal flaw as her claim for breach of contract and for violations of Florida's Deceptive and Unfair Trade Practices Act. Because the Plaintiff failed to allege any facts in her complaint specifying injury and how that injury has benefited the Defendants, her claim that Defendants were unjustly enriched cannot meet the threshold to overcome the motion to dismiss. Accordingly, the Court grants Defendants' Motion to Dismiss Count IV of the Plaintiff's First Amended Complaint without prejudice.

### STANDING TO SUE

Finally, this Court Plaintiff's failure to assert a specific injury not only has resulted in the dismissal of 3 of her 4 claims, but may also affect whether Plaintiff has standing to sue Defendants for their allegedly illegal conduct. To have standing to maintain suit in federal court, Article III of the United States Constitution mandates that plaintiffs establish a "case or controversy" against defendant. *Schramek v. Jones*, 877 F. Supp. 622, 623-624 (D. Fla. 1995).

A plaintiff establishes a "case or controversy" by demonstrating the following: 1. Plaintiff has suffered actual or threatened injury at the hands of defendant; 2. The injury can be traced to alleged unlawful conduct of defendant, and; 3. The injury will likely be redressed by the requested relief. *Id.* If Plaintiff is unable to cite any facts to establish that she has suffered an injury as a result of Defendants' allegedly unreasonable pricing scheme, she will not have standing to sue Defendants in federal court. Accordingly, it is

**ORDERED** that the Defendants' motion to dismiss (Docket No. 6) be **GRANTED** with prejudice as to Count III and without prejudice as to Counts I, II and IV. The Plaintiff **SHALL HAVE** ten days from this date to file an amended complaint.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 13th day of March, 2007.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties and Counsel of Record